# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

_____

No. 99-30118
Summary Calendar

_____

FLOYD ALBERT KEITH,

Plaintiff,

VERSUS

FREEPORT SULPHUR COMPANY, et al.,

Defendants,

CRESCENT TECHNOLOGY, INC.;
TRAVELERS PROPERTY CASUALTY COMPANY,

Defendants-
Third Party-Plaintiffs-
Appellants,

VERSUS

PARADIGM INSURANCE COMPANY,

Defendant-
Third Party Defendant-
Appellee,

TCB INDUSTRIES, INC.,

Third Party Defendant-
Appellee.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3803-B)
_____

August 10, 1999

Before JOLLY, SMITH, and WIENER,
Circuit Judges.

PER CURIAM:[*]

In the flurry of litigation following Floyd Keith's fall from a sulphur platform off the coast of Louisiana, defendant Crescent Technology, Inc. ("Crescent"), and Travelers Property Casualty Company ("Travelers") joined indemnity claims against Lexington Insurance Company ("Lexington"), Paradigm Insurance Company ("Paradigm"), and TCB Industries, Inc. ("TCB"). Finding Keith's underlying negligence action meritless, the district court granted summary judgment in favor of all of Keith's defendants and dismissed Crescent and Travelers's motion for summary judgment against Lexington, Paradigm, and TCB as "moot."

Crescent and Travelers appeal. They aver that they have "incurred substantial costs in the defense of the principal action prior to the lower court's dismissal of [Keith's] principal demand."

In its order of April 7, 1998, the district court apparently overlooked this, characterizing the summary judgment motion it dismissed as one "for defense and indemnity *should* there be a judgment against" defendants. (Emphasis added.) Because Crescent and Travelers claim already to have already incurred defense costs, their indemnification claims were not mooted by the failure of Keith's case.

Therefore, the dismissal of Crescent and Traveler's summary judgment motion against Paradigm and TCB (Lexington having been dismissed from this appeal) is REVERSED, and this matter is REMANDED for further appropriate proceedings.[1] We intimate no view as to what action the district court should take on remand.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] TCB's motion to file reply brief is GRANTED.

2